IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 16, 2005

## JASON E. MIZE v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Davidson County**
**No. 03C-531        Hamilton V. Gaydon, Judge**

_____

### No. M2004-00737-CCA-R3-HC - Filed December 16, 2005

_____

The Petitioner, Jason Mize, pled guilty in the Union County Criminal Court to aggravated robbery. In accordance with the plea agreement, the Petitioner was sentenced to an eight year sentence, to run concurrently with "Knox and Anderson County cases." Subsequently, the Petitioner pled guilty to two aggravated robbery charges in the Anderson County Criminal Court and received concurrent eight year sentences on each count. The Anderson County judgment contains the notation, "This sentence may run concurrent with defendant's Knox County sentence if legally possible." The Petitioner filed a petition for a writ of habeas corpus alleging that the Union County conviction is illegal and void because at the time he entered his guilty plea in Union County, he had not yet been convicted in the "Knox and Anderson cases." The Petitioner filed an additional petition for a writ of habeas corpus alleging that the Anderson County judgments of conviction are illegal and void because it is not "legally possible" for the Anderson County sentences to be run concurrently with the Knox County sentence. Both petitions were assigned the same docket number in the Morgan County Criminal Court and subsequently were transferred to the Davidson County Circuit Court, where they were assigned the same Davidson County docket number and ultimately summarily dismissed. On appeal, the Petitioner contends that he is entitled to habeas corpus relief because his sentences are illegal and the judgments from the Union County Court and the Anderson County Court are void on their faces. After reviewing the record and relevant authorities, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and THOMAS T. WOODALL, JJ., joined.

Jason E. Mize, Pro se.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General;

-1-

Victor S. (Torry) Johnson III, District Attorney General, John H. Bledsoe, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION
## I. Procedural History

On February 7, 1997, the Petitioner pled guilty to aggravated robbery in Union County and received an eight-year sentence. The judgment states that this sentence was to be served concurrently with "Knox and Anderson County cases." In Anderson County on August 22, 1997, the Petitioner pled guilty to two counts of aggravated robbery and received concurrent eight-year sentences. The Anderson County judgment form contains the notation, "This sentence may run concurrent with defendant's Knox County sentence if legally possible." The Petitioner filed in the Morgan County Criminal Court two petitions for the writ of habeas corpus to challenge his convictions. He filed a petition for the writ of habeas corpus to challenge the aggravated robbery conviction from the Union County Criminal Court under docket number 8928. He filed a petition for the writ of habeas corpus to challenge his two 1997 aggravated robbery convictions from the Anderson County Criminal Court under the same docket number, 8928. Subsequently, the trial court in Morgan County transferred "the petition for writ of habeas corpus filed herein," under docket number 8928, to the Davidson County Circuit Court. The trial court in Morgan County did not mention both petitions, but since both petitions were filed on the same day under the same docket number, it appears that the Morgan County Criminal Court intended that the petitions be consolidated. The Davidson County Circuit Court docketed the case as number 03C531. Upon motion of t he State, the Davidson County Circuit Court ultimately summarily dismissed the petition.

## II. Analysis

On appeal, the Petitioner argues that he is entitled to habeas corpus relief on his Union County aggravated robbery conviction, for which he received a sentence of eight years to run concurrent with his "Knox and Anderson County cases." The Petitioner alleges that the Union County conviction is illegal and void because at the time he entered his guilty plea in Union County, he had not yet been convicted in the "Knox and Anderson County cases." He likewise argues that he is entitled to habeas corpus relief on his two aggravated robbery convictions from the Anderson County Criminal Court. The Petitioner alleges that the Anderson County convictions are illegal and void because although the judgment contains the notation "This sentence may run concurrent with the defendant's Knox County sentence if legally possible," it is not legally possible for the Anderson County sentences to be run concurrently with the Knox County sentence. The Petitioner states that the judgment from Knox County was not imposed until June 3, 1998; however, the record does not indicate what the conviction was for, the length of sentence, or manner of service. The Petitioner contends that his Union County and Anderson County sentences are illegal on their faces because they purport to impose sentences that are concurrent with sentences from other convictions that had not yet been imposed. He argues that his pleas for the aggravated robbery charges from Union County and from Anderson County were involuntary because they were made in exchange for illegal sentences. The Petitioner alleges that the judgment for his eight-year sentence from Union County

is void on its face because it is not "legally possible" to run this sentence concurrently with his sentences from Knox County and Anderson County. The Petitioner also contends that his Anderson County sentence is illegal on its face because the judgment states that the sentence may run concurrently with the Petitioner's Knox County sentence if "legally possible." Finally, the Petitioner alleges that he would not have pled guilty to the charges from Union County or Anderson County had he known this, and, therefore, his pleas were involuntary. The State argues that the judgment of the trial court should be affirmed because none of the Petitioner's judgments on their faces or the records of the underlying proceedings establish that the Petitioner is presently confined by virtue of a void judgment or an expired sentence. We agree with the State.

Article I, section 15 of the Tennessee Constitution guarantees its citizens the right to seek habeas corpus relief. Tenn. Const. art. I, § 15. The grounds upon which our law provides relief are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Unlike the post-conviction petition, the purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). Therefore, in order to state a cognizable claim for habeas corpus relief, the petition must contest a void judgment. Id. "A void judgment is one in which the judgment is facially invalid because the court did not have the statutory authority to render such judgment . . . [a] voidable judgment is one which is facially valid and requires proof beyond the face of the record or judgment to demonstrate its voidableness." Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998) (citing Archer v. State, 851 S.W.2d 157, 161 (Tenn. 1993)). A sentence imposed in direct contravention of a statute is illegal and therefore "void or voidable depending upon whether the illegality of the sentence is evident on the face of the judgment or the record of the underlying proceedings." McLaney v. Bell, 59 S.W.3d 90, 94 (Tenn. 2001) (citing Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000)); see also State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978). The petitioner bears the burden of showing by a preponderance of the evidence that the conviction is void or that the prison term has expired. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), *superceded by statute as stated in* State v. Newman, No. 02C01-9707-CC-00266, 1998 WL 104492, at *1 n. 2 (Tenn. Crim. App., at Jackson, Mar. 11, 1998), *no Tenn. R. App. P. 11 application filed*.

The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. Archer, 851 S.W.2d at 165. It is permissible for a trial court to summarily dismiss a petition of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. See Passarella, 891 S.W.2d at 627. The formal requirements for an application or petition for writ of habeas corpus are found at Tennessee Code Annotated section 29-21-107 which mandates, inter alia, that the petition shall state that "it is the first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings there shall be produced, or satisfactory reasons should be given for the failure to do so." Tenn. Code Ann. § 29-21-107(b)(4) (2003). "A habeas corpus court may properly choose to dismiss a petition for failing to comply with the statutory procedural requirements . . . ." Hickman v. State, 153 S.W.3d 16, 21 (2004). Because the determination of whether habeas corpus relief should be granted is a question of law, our review is de novo with no presumption of correctness. Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000).

Both Tennessee Code Annotated section 40-20-111(a) and Tennessee Rule of Criminal Procedure 32(c)(2) provide the trial court judge with discretion to decide whether a defendant's sentence should run concurrently or consecutively with sentences that he received for prior convictions. According to Tennessee Code Annotated section 40-20-111(a):

> When any person has been convicted of two (2) or more offenses, judgment shall be rendered on each conviction after the first, providing that the terms of imprisonment to which such person is sentenced shall run concurrently or cumulatively in the discretion of the trial judge. The exercise of the discretion of the trial judge shall be reviewable by the supreme court on appeal.

According to Tennessee Rule of Criminal Procedure 32(c)(2):

> If the defendant has additional sentences not yet fully served as the result of convictions in the same court or in other courts of this state and if this fact is made known to the court prior to sentencing, the court shall recite this in the judgment setting sentence, and the sentence imposed shall be deemed to be concurrent with the prior sentence or sentences, unless it affirmatively appears that the new sentence being imposed is to be served consecutively with the prior sentence or sentences.

The Petitioner has failed to establish by a preponderance of the evidence that either the Union County or the Anderson County judgment is void.[1] Nor has the Petitioner established by a preponderance of the evidence that his sentence has expired. Nothing on the face of the Petitioner's judgments establishes that the trial court lacked authority and jurisdiction to render these sentences. Even if, as the Petitioner asserts, the sentences from Union County and Anderson County were ordered to be served concurrently with sentences that had not yet been imposed, it does not necessarily follow that the Union County and Anderson County judgments are void. Both judgments are facially valid, and any illegality of the sentences is not evident from the faces of the judgments. Further, if portions of the records from the convicting courts in Union County or Anderson County could establish that either or both of those courts lacked jurisdiction to impose the sentences as rendered, such portions of the records from the convicting courts were not presented to the habeas court, and are therefore not included in the record of this appeal. Further, in our view, even if the record, or portions of the record, from the convicting courts revealed that the Petitioner's claims pertaining to the concurrent nature of the sentences are true, the judgments being attacked by the Petitioner would, at most, be voidable and not void.

The Petitioner argues that the ruling in McLaney v. Bell, 59 S.W.3d 90 (Tenn. 2001) entitles him to habeas corpus relief. In McLaney, the trial court imposed a sentence that conflicted with Tennessee Code Annotated section 40-20-111(b). Tennessee Code Annotated section 40-20-111(b) states that the trial judge must order sentences to run cumulatively when a Petitioner commits a felony while such Petitioner was released on bail. The petitioner in McLaney contended that his

---

[1] Both convictions and sentences are contained in one judgment document in the Anderson County case.

judgment was void on its face because his sentence ran concurrently and not cumulatively with his prior sentences even though he committed his new felony offense while out on bail. McLaney, 59 S.W.3d at 93. The Tennessee Supreme Court held that if these allegations were true and the Petitioner's sentence did not abide by the dictates of Tennessee Code Annotated section 40-20-111(b), then the Petitioner's guilty plea was involuntary because it was made in exchange for an illegal sentence. Id. at 95. The present case is distinguishable from McLaney. Unlike the Petitioner in McLaney, the Petitioner in the case presently before us does not claim that he was on bail for prior offenses when he received his sentence from the Union County Court or from the Anderson County Court. In McLaney, our Supreme Court noted that if the facts were as alleged by McLaney, the trial court imposed a sentence in direct contravention of the sentencing act. Such is not the case here. As previously noted, any illegality of the sentence in the case under submission is not evident from the faces of the judgments or the records of the proceedings upon which the judgments were rendered. Therefore, the Petitioner is not entitled to relief on this issue.

The Petitioner has failed to establish by preponderance of the evidence that his convictions are void or his term of imprisonment has expired. Accordingly, the judgment of the trial court is affirmed.

### III. Conclusion

In accordance with the foregoing authorities and reasoning, we affirm the judgment of the trial court.

_____
ROBERT W. WEDEMEYER, JUDGE